**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| TAIYING YANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-164 |
| | ) | |
| SAVANNAH-CHATHAM | ) | |
| COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

*Pro se* plaintiff Taiying Yang has filed a Complaint alleging that she was subjected to unlawful discrimination, on several bases, by her employer. *See generally* doc. 1. She has also submitted an application to proceed *in forma pauperis*. Doc. 2. That application leaves blank the information concerning her employment, suggesting that she is unemployed. *Id.* at 1. It also indicates that she receives no income from any source. *Id.* It states that she has $0.51 in cash or bank accounts. *Id.* at 2. Finally, it indicates that she has monthly expenses of $1,850, but appears to omit expenses for some necessities, like food. *Id.* Based on

the information disclosed, the Court is simply unable to determine whether she qualifies to proceed IFP.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants.  *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music*

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Courts thus deploy appropriate scrutiny.  *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

To that end, the Court tolerates no lies.  *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty.  The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").

*Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).   Plaintiff,

therefore, must amend her application to proceed IFP, to provide

additional information.[2]

Yang is, therefore, **DIRECTED** to file a supplemental application

to proceed IFP within fourteen days from the date of entry of this Order.

The Clerk of Court is **DIRECTED** to include with this Order a copy of

the long-form Application to Proceed in District Court Without Prepaying

Fees or Costs (AO239), and Yang is **DIRECTED** to file her supplemental

application again using this long form.   In completing the supplemental

application, she must answer every question to the best of her ability.   If

---

[2]  A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by
> the government.   *Rowland v. California Men's Colony, Unit II Men's
> Advisory Council*, 506 U.S. 194, 198 (1993).   Second, the statute reads
> that the court "may authorize the commencement" of an action. 28
> U.S.C. § 1915(a)(1).   The grant, denial, or other decision concerning an
> [IFP] application requires the court to exercise discretion.   *Denton v.
> Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231
> F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915
> and stating the decision of whether to grant or deny in [IFP] s status
> under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis
added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003)
(no abuse of discretion when court determined plaintiff could afford to pay the filing
fee without undue hardship because he has no room and board expenses, owns a car,
and spends the $250.00 earned each month selling plasma on completely
discretionary items).

she lacks the requested information, she should reflect the lack of knowledge in her response and provide her best estimation of the requested amount. To the extent that Yang does not receive any income from any source, she must indicate, either on the form or on a separate page, how she is able to provide for basic necessities without any income or assets. Failure to comply with this Order may result in a recommendation that Yang's case be dismissed. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 18th day of July, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA